ORIGINAL

**REISSUED FOR PUBLICATION**
**3 MAY 2017**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 12-782V

FILED
MAR 16 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * *

KENDRA IANNOTTI,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: March 16, 2017

Dismissal of Petition; Vaccine Act; Denial Without Hearing; Failure to Prosecute.

*Kendra Iannotti, Pro Se*, East Haven, CT, for Petitioner.

*Gordon E. Shemin*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On November 13, 2012, Kendra Iannotti filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the influenza ("flu") vaccine that she received on August 19, 2011, caused her to develop Guillain-Barré Syndrome ("GBS"). *See* Petition ("Pet.") at 1.

Petitioner initially filed this case *pro se*, but was able to obtain representation by attorney Ronald Homer, Esq., who appeared on her behalf on April 8, 2013. ECF No. 9. Petitioner then began to file medical records related to her claim in December 2013. ECF No. 21. In January 2014,

---

[1] This decision will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

the case was reassigned to me. ECF No. 26. Due to the voluminous nature of these records, counsel took nearly three months to review them, there upon determining that he would not be proceeding further as Petitioner's counsel. ECF No. 27. Mr. Homer thus filed a motion to withdraw as attorney on May 15, 2014 (ECF No. 34), which was granted on July 10, 2014. ECF No. 40.

Petitioner thereafter reassumed her *pro se* status, and filed additional medical records during July 2014, although many necessary records were still missing. ECF No. 38. From September 2014 to March 2015, I repeatedly ordered Petitioner to file such additional medical records or a statement of completion. However, Petitioner failed to comply with these orders; thus, I issued an order to show cause on April 20, 2015. ECF No. 51. Petitioner responded that she was still attempting to determine which medical records were relevant to her claim, as well as attempting to obtain new counsel. ECF No. 52. I gave Petitioner another opportunity to comply with my order, and she filed the medical records and a statement of completion on July 13, 2015. ECF Nos. 55-56. The case had now been pending for well over two years.

Respondent filed her Rule 4(c) Report on August 17, 2015 (ECF No. 58), which contested the appropriateness of an entitlement award. First, Respondent contended that the medical records alone failed to provide proof of a vaccine injury, and that Petitioner had failed to provide a reliable medical theory or logical sequence of cause and effect to support her claim. ECF No. 58 at 7. Respondent also noted that the record supported a finding that Petitioner's complaints were more likely caused by her pre-existing diabetes. *Id.* Finally, Respondent noted that the timing of Petitioner's GBS onset was not during a medically reasonable timeframe to infer causation. *Id.*

In light of Respondent's report, I ordered Petitioner to file an expert report on or before November 13, 2015. ECF No. 60. After several delays and extensions, Petitioner filed a letter from Dr. Philip Goldberg (her treating endocrinologist) on January 15, 2016. ECF No. 64. But the letter was very short and unsupported by any medical literature, and conclusorily stated that Petitioner's symptoms were not consistent with diabetic neuropathies, and therefore must be unrelated to her pre-existing diabetes. *Id.* at 2.

Shortly before filing this report, Petitioner also indicated to the court that she had found an attorney to represent her. *See* ECF No. 63. I explained to Petitioner that until the attorney entered an appearance in the case, it was still Petitioner's responsibility to comply with my orders. *Id.* Such counsel never did appear, however.

After review of Dr. Goldberg's letter, I noted to Petitioner that the report alone was insufficient to support vaccine causation, and urged the parties to consider settlement of the claim. ECF No. 66. Therefore, Petitioner was to make a demand on Respondent and file a status report indicating she had done so before March 18, 2016. *Id.* However, she failed to file the report until April 7, 2016. ECF No. 68. The parties thereafter entered into settlement negotiations that were

ultimately unsuccessful; thus, I ordered Respondent to file an expert report or a motion for a ruling on the record on or before September 30, 2016. ECF No. 76.

After several extension requests, Respondent filed an expert report on November 21, 2016. ECF No. 81. Based on this report, Petitioner requested the opportunity to obtain a supplemental expert report in response (presumably in line with my prior direction earlier in 2016). ECF No. 83. I set a deadline of February 17, 2017, and informed Petitioner that I would not grant any extensions due to the drawn-out nature of this case.

Thereafter, and on the date the report was due, Petitioner informally contacted my chambers to request an extension of time. I denied the request based on my previous determination that there would be no extensions, and I ordered Petitioner to show cause immediately why her case should not be dismissed for failure to comply with my orders on February 22, 2017. ECF No. 87. Despite this order, Petitioner still has not filed her supplemental expert report, nor filed a response of any kind to my order to show cause.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other sufficient and persuasive evidence indicating that the alleged injury that Petitioner experienced could have been caused or significantly aggravated by the flu vaccine that she received on August 19, 2011. Petitioner had several chances to offer a supplemental report or other evidence that would support her claim, and she failed to submit such evidence into the record. It is therefore appropriate to dismiss the claim for failure of proof.

In addition, Petitioner's claim must be dismissed due to her repeated failures to comply with my orders. A petitioner's inaction and failure to abide by court orders risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Though Petitioner represented that she had obtained counsel, the attorney never entered an appearance in this matter. She also failed to file the expert report.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

Thus, this case is dismissed for insufficient proof and failure to prosecute. The Clerk shall enter judgment accordingly.[3]

IT IS SO ORDERED.

_____
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite judgment by filing a joint notice renouncing their right to seek review.